BOLIN, Judge.
Plaintiff appeals from a judgment rejecting his workmen’s compensation claim for total and permanent disability benefits against his\employer, Procon, Incorporated and its insurer, Fidelity and Casualty Company of New York.
Appellant alleges he was accidentally injured while performing work for Procon in January 1963. He testified that while he was welding on a tank top he jerked his welding cable which “was hung on the side of the tank”; that his foot slipped and he fell in a strained position causing an injury to his back.
The only other witness testifying relative to the occurrence of an accident was the foreman, Neeley, who admittedly was not present at the time of the alleged injury. He testified the first knowledge he had of any claim by appellant was the next morning while the two men were riding to work. The foreman stated Blair told him “that his. back was hurting him and was sore and he did not know how he had hurt it unless it *677 was when he slipped down the day before while pulling on his welding cable.”
Appellees expressly deny the occurrence of an “accident” as defined in the compensation act. (Louisiana Revised Statutes 23:1021.) They likewise deny Blair is permanently and totally disabled. (Louisiana Revised Statutes 23:1221 [2].)
In his written reasons for judgment the trial judge concluded plaintiff had not established by a preponderance of the evidence the occurrence of the accident or his total and permanent disability. The judge also commented in his reasons upon the fact established by the evidence that plaintiff had seven previous compensation claims.
Appellant first assigns as error the trial court’s conclusion the employee had failed to prove the occurrence of an accident. Appellant concedes in his brief that he bears the burden of proof on this issue but argues his testimony alone was sufficient to discharge this burden.
 The question of whether Blair was accidentally injured as he alleges is primarily factual in nature. The court may accept the testimony of the employee alone in order to establish the occurrence of an accident. However, this should be done only in an exceptional case where the employee’s version is corroborated by surrounding facts and circumstances, and where there is nothing in the record to impeach or discredit his testimony. Carter v. Casualty Reciprocal Exchange (La.App. 2 Cir., 1964) 163 So.2d 855 and numerous cases cited therein.
In the instant case the corroborating evidence is weak and inconclusive and additionally the credibility of plaintiff as a witness has been seriously questioned. The trial judge who had an opportunity to observe the demeanor of plaintiff on the stand apparently was not impressed with his testimony. Our examination of the various documents filed in evidence showing his many previous compensation claims (at least five of which he had failed to disclose in his deposition) leads us to conclude the trier of facts was justified in denying recovery based on plaintiff’s own testimony.
Having found plaintiff has failed to prove an accidental injury within the contemplation of the workmen’s compensation statute, it is unnecessary to pass on the other specifications of error set forth in appellant’s brief.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
Affirmed.