REGAN, Judge.
The plaintiff, Mrs. Helen Guillot, filed this suit against the defendants, Winn-Dixie of Louisiana, Inc., and Continental Insurance Company, its liability insurer, endeavoring to recover workmen’s compensation for total and permanent disability resulting from “a cervical muscle strain” or “a pinched nerve” which she asserts was incurred in the course of her employment as a cashier for the principal defendant herein.
The defendants answered and denied therein that any injury was sustained as a result of the plaintiff’s work, within the contemplation of the Compensation Act, nor was it related in any way to her occupation; that the first complaint of a job related injury emanated from the plaintiff after her employment was terminated. In the alternative, they insist that if such an injury occurred she has fully recovered therefrom.
*53 From a judgment in favor of the defendants, the plaintiff has prosecuted this .•appeal.
The record reveals that Mrs. Guillot -was employed by Winn-Dixie from October 10, 1952, until September 9, 1963, and that Ter duties were principally those of a •cashier. However, occasionally she was required to perform other work which is of no significance herein since her claim is •predicated upon an injury emanating from her occupation as a cashier.
Mrs. Guillot laboriously related that she sustained an injury to her neck and left shoulder as the result of assuming an awkward posture in the cashier’s stand[1] because of the existence of an electrical outlet box raised about three inches above the floor which caused her to straddle this object while operating the cash register with her right hand. Simultaneously, she lifted "the customers’ foodstuff over a two inch •stationary bar from the right and placed .them on the counter to her left.
During the first week of July, 1963, a short time after the installation of the “bar” which was used to separate the •customers’ purchases, Mrs. Guillot stated that she complained of pain in her neck .and left shoulder, which she contends were symptomatic of cervical strain and pinched nerve tissue in the cervical vertebra.
She first sought medical attention on July 13, 1963. Three physicians who treated her diagnosed her condition as strain of her neck and shoulder muscles. Two specialists, that is, an orthopedist and a •neurosurgeon, both testified that her com-plaint probably did not result from an injury incurred by lifting grocery items over the separation bar while she was straddling the outlet box. However, her treating physician, a general practitioner, testified that the combination of the plaintiff’s awkward posture and the lifting of foodstuff over the counter bar probably caused her ailment. He predicated this conclusion upon the history which she gave to him and upon the fact that her complaints arose after the installation of the bar.
In order for an employee to be entitled to recover compensation, he or she must incur a personal injury as the result of an accident.[2] The question thus poses itself as to what is an “accident” and “personal injury” within the purview of the Act.
R.S. 23:1021 of the Louisiana Compensation Act defines an accident as follows :
“ ‘Accident’ means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time obj ective symptoms of an injury.”
% ^ ífc ‡ H* ‡
An injury is defined in paragraph (7) of that statute as:
“ ‘Injury’ and ‘Personal Injuries’ includes only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case he construed to include any other form of disease or derangement, howsoever caused or contracted.” (Emphasis added.)
Moreover, the jurisprudence of Louisiana has crystalized to the effect that the claim *54 ant in a workmen’s compensation suit must bear the burden of establishing’ by a preponderance of the evidence and to a legal certainty that an accident in fact occurred.[3]
The foregoing elucidation reveals that the only significant question posed for the trial court’s consideration was one of fact, and that was whether the plaintiff’s ailment was caused by an “accident” so as to entitle her to recover for her injury in conformity with the rationale emanating from the Workmen’s Compensation Act. The judge thereof obviously accepted the defendant’s version of the case and therefore concluded that the plaintiff did not incur an injury as the result of an accident in the course and scope of her employment as a cashier for the principal defendant, so as to entitle her to compensation.
The question which this appeal has posed for our consideration is whether that finding and conclusion of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the testimony adduced herein or by endeavoring to reconcile the respective litigants’ version of the origin of Mrs. Guillot’s ailment. The trial judge accepted the defendants’ version thereof and our analysis of the record convinces us that the evidence preponderates to the effect that no accident and resulting injury occurred within the contemplation of the Compensation Act, and the judgment is, therefore, correct. All costs incurred herein are to be paid by the plaintiff.
Affirmed.

. This cashier’s stand was designated as Counter No. 2 and two cashiers were called hy the plaintiff who testified that on various occasions they had worked behind this counter, and they were not in the least troubled thereby; nor had they ever heard the plaintiff complain that she had injured herself in the store. Tbe manager testified that tbe plaintiff made no complaint of a job related injury before termination of her employment;

. Danziger v. Employers Mutual Liability Insurance Co. of Wisconsin, 245 La. 33, 156 So.2d 468 (1963).

. Guillory v. New Amsterdam Casualty Co., 244 La. 225, 152 So.2d 1 (1963); Green v. Heard Motor Co., 224 La. 1078, 71 So.2d 849 (1954); Bankston v. Aetna Casualty Co. of Hartford, Conn., La.App., 132 So.2d 111 (1961); Henderson v. New Amsterdam Casualty Co., La.App., 80 So.2d 438 (1955).