HOOD, Judge.
Merlin J. Augustine instituted this suit for workmen’s compensation benefits against Avoyelles Parish School Board. Judgment was rendered by the trial court in favor of plaintiff, and defendant has appealed. Plaintiff answered the appeal, demanding damages for a frivolous appeal and an award of penalties and attorney’s fees.
Defendant contends that the trial judge erred in holding that an accident occurred as alleged, and that plaintiff’s injury occurred during the course of his employment.
Augustine was working as a janitor for defendant in the Bethune High School, in Marksville, on April 19, 1966. He testified that during the noon hour on that date he went to the kitchen of the school cafeteria for lunch, that since there was no chair available for him to use he “stooped down” or squatted on the floor with his back to the wall, and that he remained in that position for “a pretty good while.” He stated that when he got up his right knee “popped” and that “it hurted very bad.” He continued to perform his duties at the school for a few days despite the pain and discomfort he experienced, but he quit on or shortly before May 1, 1966, because he contends that the pain in his knee prevented him from performing his duties.
Plaintiff went to Dr. Richard Michel for treatment on April 20, 1966, that being the day after the accident occurred, and he was treated by Dr. Michel and other doctors in the same clinic for his knee injury for several weeks thereafter. He was also examined or treated by other physicians, including Dr. E. J. Kalifey, a general practitioner, and by Dr. Moss M. Bannerman, Dr. T. E. Banks and Dr. Daniel M. Kingsley, orthopedic surgeons. Dr. Kingsley performed surgery consisting of an arthrotomy on plaintiff’s knee on January 27, 1967.
The uncontradicted medical evidence shows that at the time of the trial plain *809 tiff was suffering from a “pannus formation over the lateral meniscus” of the right knee, and that that condition disabled him from performing the duties of his employment as a janitor. The doctors who testified felt that this injury and disability resulted from trauma, and that it could have been caused by the accident which, according to plaintiff’s testimony, occurred on April 19, 1966.
Defendant, in support of its argument that the evidence fails to show that an accident occurred, points out that at least four people were near plaintiff when he allegedly injured his knee, that all of them saw plaintiff stooping or squatting on the floor during the lunch hour on April 19, 1966, but that none of them heard plaintiff complain of any pain in his knee after he arose from that position. Plaintiff did not report the accident to his employer immediately, and he did not complain to his fellow worker, Pete Keller.
Defendant also calls our attention to the fact that notations on the record of the first treating physician, Dr. Michel, show that plaintiff injured his left knee, and one witness stated that plaintiff later complained to her that he could kneel on his right knee, but not on the left, indicating that he actually had injured his left knee on the above-mentioned date. The other evidence shows that his right knee is the one which gives him trouble now, and defendant thus argues that his present disability has no connection with the accident which occurred on April 19, 1966.
The trial judge concluded that plaintiff sustained an accident as alleged, that his right knee was injured in that accident, and that he has been disabled since that time as a result of that injury. We cannot say that the trial judge erred in reaching that conclusion.
As correctly observed by defendant, there is some discrepancy in the evidence as to whether plaintiff injured his left knee or his right knee. A number of lay witnesses testified, however, that the injury was to the right knee, and their statements support plaintiff’s testimony to that effect. Dr. Kingsley, who examined plaintiff just three weeks after the accident, found objective signs of injury to the right knee, and the medical evidence otherwise preponderates to the effect that his right knee was injured in the alleged accident.
Although plaintiff did not report the accident to the principal of the school immediately after it happened, he did consult a doctor the next day, and he must have informed the school officials of it within ten days, because he quit his job within that time and the school obtained someone else to work in his place by May 1, 1966. The insurance claim forms which were submitted by the principal of the school, the first of which was submitted within two months after the accident occurred, all show that plaintiff’s right knee was injured as the result of an accident which occurred on April 19, 1966, “during school hours.”
Under the facts shown here, we concur in the finding of the trial judge that plaintiff sustained a disabling injury to his right knee as the result of an accident which occurred during the course of his employment on April 19, 1966.
We find no merit to plaintiff’s claim for damages because of a frivolous appeal. Serious and substantial factual issues have been presented as to whether an accident occurred, and as to whether plaintiff’s present disability was caused by a work-connected accident. The issues presented on this appeal are not frivolous, even though they eventually were resolved in favor of plaintiff, and plaintiff’s claim for damages thus is rejected.
We agree with the trial judge that plaintiff’s demand for penalties and attorney’s fees must be rejected. Since a serious question existed as to whether an accident occurred as alleged, and as to whether plaintiff’s present disability arose from such an accident, defendant cannot be *810 said to have been arbitrary or capricious in refusing to pay compensation benefits prior to the filing of this suit.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.