SARTAIN, Judge.
This is a workmen’s compensation action in which plaintiff seeks to recover the maximum benefits for total and permanent disability resulting from an alleged accident arising out of and in the course of his employment with the defendant on Friday, May 12, 1967.
The trial judge found that plaintiff proved by a preponderance of the evidence *106 the fact that his accident did occur and found further that the medical testimony and other evidence were likewise sufficient to prove total and permanent disability. A judgment was rendered against the defendant employer and its insurer for medical expenses of $803.79 and for benefits of $35.00 per week for 400 weeks.
We affirm the findings and awards of the trial judge.
The defendants have appealed contending, first, that the plaintiff ■ did not prove the fact of the accident by a preponderance of evidence and, second, that the medical evidence was insufficient to prove that plaintiff’s disability was caused by the alleged accident, if it did in fact occur.
Willie Mamón was employed by Western Waterproofing Company as a mortar maker in connection with the construction of a federal post office building in Baton Rouge. His duties included mixing mortar on the grounds near the construction sité and delivering the mortar to workmen who were applying it in the proposed basement area. He would lower two buckets of the prepared mixture to the basement level by means of a rope, descend a ladder and carry the mortar to the other workmen. Then he would retie the empty buckets to the rope, ascend the ladder, pull up the buckets and mix some more mortar. Plaintiff claimed that his accident occurred as he was ascending the ladder as a part of that routine and, since there were no other witnesses to the accident, its proof was based solely on his testimony.
Although certain legal rules and procedures are construed liberally in favor of a workmen’s compensation claimant, the burden of proof by a preponderance of evidence is not relaxed and remains the same as it is in other civil cases. Guillory v. New Amsterdam Casualty Company, 244 La. 225, 152 So.2d 1 (1963). However, in the case of Blair v. Procon, Inc., 188 So.2d 676, 677 (La.App.2d Cir.1966), writs refused, 249 La. 748, 190 So.2d 911 (1966), the following rule was stated by the court:
“The court may accept the testimony of the employee alone in order to establish the occurrence of an accident. However, this should be done only in an exceptional case where the employee’s version is corroborated by surrounding facts and circumstances, and where there is nothing in the record to impeach or discredit his testimony. Carter v. Casualty Reciprocal Exchange, 163 So.2d 855 (La.App.2d Cir.1964) and numerous caes cited therein.”
In the instant case, Mamón testified that about 10:30 or 11:00 a.m. while he was ascending the ladder, which was inclined at about a 45° angle from the basement floor to the floor at ground level, both of his feet slipped, the ladder kicked back and he fell between the rungs, striking his lower back on a part of the ladder. He said that he mentioned to a co-worker, Roosevelt Frye, and to his foreman, Laszlo Szekely, that he had slipped on the ladder and did not know if he had been hurt, but he said the foreman paid no attention to him. Mamón continued to work that Friday afternoon and at quitting time mentioned the accident to his job steward, Ira Williams, who verified this and said he had also slipped and fallen on the same ladder. Mamón told his wife about the accident that night but still had experienced no severe pain or discomfort. By Saturday morning Mamón testified that the severity of the injury had manifested itself. He had a great deal of pain and stiffness in his back and it was difficult for him to get out of bed, move around or do any normal household chores on Saturday and Sunday. His wife corroborated his account of the weekend and testified that they decided Mamón should see a doctor on Monday. Monday morning, Mamón returned to the job site where he attempted to mix one batch of mortar. Then he talked to the foreman about his injury on Friday and requested the foreman to arrange a *107 medical examination. When the foreman refused, Mamón left the site and reported the accident to his union business manager. On Monday afternoon, he consulted a Dr. Hansen, who placed him in a hospital for six days for observation and tests for a possible herniated intervertebral disc.
Defendants have urged that the above account is inconsistent with the physical facts and is contradicted by other testimony to the extent that plaintiff has not met his burden of proof under the rule of Blair v. Procon, Inc., supra. In support of this contention, they rely on the testimony of Laszlo Szekely, the foreman, and Roosevelt Frye, the other laborer, who testified that Mamón did not mention the accident to them until Monday morning. It is also urged that a heavy ladder inclined at an angle of 45° could not have “kicked back”, as Mamón testified, and that it was highly unlikely that a slip and fall as described by Mamón could have resulted in a blow to his lower back. Defendants further point to a dispute between Mamón and the foreman over the hiring of another laborer to help Mamón in his work routine by receiving the mortar buckets at the basement level in order to avoid the round trip on the ladder. This, they contend, shows that Mamón felt he was overworked and fabricated the account of the accident.
The trial judge was of the opinion that, although these circumstances did bear on the plaintiff’s credibility, they did not amount to strong inconsistencies or contradictions to the extent that the testimony and corroborative evidence in plaintiff’s behalf were thereby discredited. The trial judge also considered medical testimony substantial in supporting Mamon’s account of when and how he was injured.
It is well established in our jurisprudence that the trial judge is in the best position to evaluate the credibility of witnesses and to determine the weight which should be given to their testimony. The trial judge, in referring to the corroborative evidence in favor of plaintiff noted that “All of these single factors, not sufficient standing alone, add up to a rather imposing array of evidence.”
On the basis of the record before us, we do not think the trial judge committed manifest error in concluding that Mamon’s testimony and the attending circumstances were sufficient to prove the fact of the accident by a preponderance of the evidence.
The second matter before us is the proof of total and permanent disability and the proof of a causal relationship between such disability and the accident on the ladder.
Our jurisprudence has established a rather formidable presumption in favor of the workmen’s compensation claimant who has proved his accident.
“In such a case as the present one, where there is proof of an accident and of a following disability without any intervening cause, it is presumed that the accident caused the disability. The criterion for causal connection between the accident and the disability is: Has the accident changed the plaintiff’s condition so as to render him disabled and unfit for his former employment?” Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816, 827 (1969).
Another recent decision, involving a very similar fact situation, dealt only with the issue of causal relationship. In Bourque v. Monte Christo Drilling Corporation, 221 So.2d 604, 606 (La.App.3d Cir. 1969), Judge Tate speaking for the court reasoned as follows:
“Further, a claimant’s disability is presumed to have resulted from an accident, if, before the accident, the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, provided that the medical evidence shows there to be a reasonable possibility of *108 causal connection between the accident and the disability condition.
‡ ‡ ‡ # s}i ‡
“In determining the causation and existence of present disability, the trial court may properly consider and evaluate lay testimony, in the light of which medical possibilities may become medical and factual probabilities thus preponderantly proved.”
See also Cripps v. Urania Lumber Company, 213 So.2d 353 (La.App.3d Cir.1968).
The plaintiff in the instant case showed that he had been capable of performing heavy manual labor until his accident. Within twenty-four hours thereafter, his disabling condition manifested itself and from that point in time, he has been neither employed nor able to do physical work of even a moderate nature. During the time between the accident and the trial, Mamón had seen several doctors periodically with the same basic complaints, beginning with his six-day stay in a hospital after the accident. The medical testimony was somewhat conflicting, as is not uncommon in the case of a back injury, but the trial judge based his finding of total and permanent disability primarily on the opinion of Dr. Forman, the corroborative testimony of the plaintiff, and the absence of proof of any intervening cause of the disability.
Dr. Forman is a neurosurgeon who was the only examining doctor to perform an extensive medical test for a possible herniated disc. Both he and the radiologist finally concluded by means of myelographic evidence that such a condition probably did exist and recommended corrrective surgery. Dr. Forman testified that myelo-graphic evidence was reliable in about 90-95% of the cases and that, although a herniated disc could result from less traumatic circumstances, the majority of such injuries result from accidents such as the one Mamón described. He was definitely of the opinion that Mamón was not merely pretending to suffer such an injury.
We agree with the trial judge that in the light of such evidence plaintiff has sustained total and permanent disability, within the meaning of the workmen’s compensation law, as a result of his accident on the ladder while employed by defendant. We accordingly affirm the judgment of the trial court in awarding compensation for total and permanent disability at defendants-appellants’ costs.
Affirmed.