LOTTINGER, Judge.
Plaintiff-appellant, Jesse Lambert, filed a workmen’s compensation suit against the defendant, Avondale Shipyards, Inc., contending that he was totally and permanently disabled and was entitled to recover workmen’s compensation benefits. After a trial on the merits the Lower Court rendered judgment in favor of defendant and dismissed plaintiff’s suit. It is from this judgment that plaintiff appeals.
The plaintiff, Jesse Lambert, was employed by Avondale Shipyards, Inc. as a tacker. His suit alleges that he was permanently and totally disabled due to injuries to his back as a result of an accident *353 on August 27, 1970 when a come-a-long broke and struck him.
The trial judge states in his reasons for judgment that the plaintiff failed to sustain the burden of proof. After hearing all of the testimony, the trial judge decided that plaintiffs injuries were not related to the alleged incident on August 27, 1970. Inasmuch as this is a question of fact, it is necessary that we determine whether the trial judge was manifestly erroneous in reaching the conclusion he reached.
Kirkham v. Consolidated Underwriters Insurance Co., 219 So.2d 827 (La.App.2nd Cir. 1969) at page 830 summarized the law pertaining to the burden of proof required by plaintiff in a workmen’s compensation case, as follows:
“(1) that, in order for an employee to be entitled to compensation, he must receive a personal injury as a result of an accident (LSA-R.S. 23:1031; Danziger v. Employers Mut. Ins. Co. of Wis., 24S La. 33, 156 So.2d 468 [1963]; Guillot v. Winn-Dixie of Louisiana, Inc., 189 So.2d 52 [La.App., 4th Cir. 1966]); (2) that, in a compensation case, as in other civil matters, a plaintiff bears the burden of proof and must establish his claim to a legal certainty by a reasonable preponderance of evidence, and that speculation, conjecture, mere possibility, and even unsupported probability are not sufficient to support a judgment (Green v. Heard Motor Co., 224 La. 1077, 1078, 71 So.2d 849 [1954]; Roberts v. M. S. Carroll Co., 68 So.2d 689 [La.App., 2d Cir. 1953]); (3) that the burden of proof on claimant in a workmen’s compensation case extends to the establishment of the occurrence of an accident to a legal certainty by a reasonable preponderance of evidence (Guillot v. Winn-Dixie of Louisiana, Inc., supra; Gisevius v. Jackson Brewing Co., 152 So.2d 231 [La.App., 4th Cir. 1963 — writs denied]); (4) that the testimony of a claimant alone in a workmen’s compensation case may be sufficient to establish the occurrence of an accident within the meaning of a statute only in exceptional cases where claimant’s story is corroborated by surrounding facts and circumstances and where there is nothing in the record to impeach or discredit his testimony (Blair v. Procon, Incorporated, 188 So.2d 676 [La.App., 2d Cir. 1966]; Carter v. Casualty Reciprocal Exchange, 163 So.2d 855 [La.App., 2d Cir. 1964]); and (5) that, despite the liberality of the rules of evidence and of procedure generally applicable to compensation cases, such liberality has no application to the proof of the occurrence of an accident or that such occurrence caused disability (Carter v. Casualty Reciprocal Exchange, supra, and authorities cited therein).”
Doctor Lipscomb' testified that he was treating plaintiff for a back injury beginning on July 31, 1970, which was approximately one month prior to the alleged back injury of August 27, 1970. Dr. Lipscomb testified that he was told by the plaintiff that he had hurt his back while lifting on a truck at his home. There v^as no mention of any alleged back injury occurring at Avondale, until almost one year later on or about July 26, 1971, when the plaintiff went to Dr. Lipscomb’s house and told Dr. Lipscomb that he has been to see an attorney and wanted a report about an injury at Avondale. This was the first contention to Dr. Lipscomb that the plaintiff’s back problem was in any way allegedly related to his employment. In fact, Avondale received medical reports from Dr. Lipscomb which indicate that the back problem for which plaintiff was being treated by. Dr. Lipscomb was not related to his employment. Avondale, relying on these reports, handled the matter under the non-occupational benefit group program as a non-occupational condition, and paid the maximum amount which plaintiff was entitled to under that program. It was only after *354 all of these benefits were exhausted that plaintiff retained an attorney and notified Avondale that a workmen’s compensation claim was being made.
It is important to note that Dr. Lipscomb points out that he initially treated and examined the plaintiff on July 31, 1970, next on August 3, 1970, then on August 4, 1970, and then on September 12, 1970, after which subsequent treatment and examinations were performed. The alleged back injury of August 27, 1970 would have fallen between the examinations of August 4, 1970 and September 12, 1970. Dr. Lipscomb testified that there was no notable change from the symptoms found on August 4, 1970 from those exhibited on September 12, 1970. Even assuming that plaintiff did sustain a back injury of any degree on August 27, 1970, based on the testimony of Dr. Lipscomb, it was not of sufficient degree to intensify the back symptoms of plaintiff as already exhibited and would not be viewed as causing an aggravation of a pre-existing condition.
Plaintiff was referred by Dr. Lipscomb to Dr. Alldredge for orthopedic evaluation and treatment. Dr. Alldr'edge testified in deposition that he first examined the plaintiff on September 16, 1970, and that plaintiff gave no history of an injury. Dr. Alldredge testified that he specifically asked plaintiff about any past traumatic episodes or accidents or sprains of his back.
In January of 1971, the plaintiff was treated at Charity Hospital in New Orleans. Once again, in the history given, he denied any accident.
Robert Collier, a co-worker with plaintiff who was called by plaintiff as a witness, testified that plaintiff never made any mention of having hurt his back in the incident when he was struck with the come-a-long. This testimony coincides with the testimony of the medical witnesses.
The trial judge had an opportunity to hear and consider all of the testimony and evidence in this case and to consider the evidence as to the disputed injury to the plaintiff’s back in the accident and the evidence as to any alleged disability resulting from the accident. The trial judge heard all of the factual testimony at the trial,
and had an opportunity to take into account the sincerity of the plaintiff himself in light of the various factual and medical disputes concerning this suit. We find no abuse of the trial'court’s discretion in this case in dismissing the plaintiff’s suit on the basis that plaintiff had not carried the burden of proof required of him by law.
For the above and foregoing reasons, the judgment of the Lower Court dismissing the petition of plaintiff, Jesse Lambert, is affirmed, all costs, including the cost of this appeal, to be paid by the appellant.
Judgment affirmed.