295 So.2d 184 (1974)
Whitney A. MAURICE and Gladys V. Maurice
v.
ORLEANS PARISH SCHOOL BOARD.
No. 6187.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1974.
*185 Polack, Rosenberg & Rittenberg, Franklin V. Endom, Jr., New Orleans, for defendant-appellant.
Karl J. Kirchberg and E. Howard McCaleb, III, New Orleans, for plaintiffs-appellees.
Before SAMUEL, GULOTTA and BOUTALL, JJ.
SAMUEL, Judge.
Plaintiffs filed this suit against the Orleans Parish School Board to recover for damages resulting from personal injuries allegedly sustained by Mrs. Maurice when she was struck by a falling door in the auditorium of Carver Senior High School in New Orleans. Originally the suit was only in tort, but plaintiffs amended their petition to assert an alternative claim for workmen's compensation benefits. Defendant's answer denies both negligence and coverage under the workmen's compensation act.
After a trial on the merits, there was judgment in favor of plaintiffs awarding workmen's compensation benefits in the sum of $12.50 per week from April 8, 1971 to June 21, 1971 and also awarding the amount expended for hospital bills and other medical expenses as a result of the accident. Defendant has appealed. As plaintiffs have neither appealed nor answered the defendant's appeal, and as defendant makes no complaint regarding the amount of the award, the only issue presented for our consideration is whether the trial court was correct in awarding workmen's compensation benefits.
The facts are essentially undisputed. Mrs. Maurice was employed by the defendant as a substitute classroom teacher on a day-to-day basis. As such, she reported to various schools in Orleans Parish to teach in place of regular teachers who were absent. When she reported to a school in the morning, she submitted a time sheet to the principal's office and the time sheet was returned to her at the end of the day. The services required of substitute teachers like Mrs. Maurice terminated at 3:15 p. m., with no after school duties.
A Carver girls' club sanctioned and sponsored by the school planned to hold a style show for the students. The faculty sponsor of the club, Mrs. Catherine Painia, caused the style show to be announced over the school's public address system to attract more student participation. After hearing the announcement, plaintiff, who taught modeling, offered her services to Mrs. Painia. Permission of the principal of the school, Willie C. Lebeau, was obtained, and plaintiff thereafter assisted Mrs. Painia with the style show. As the rehearsals progressed, plaintiff eventually took almost full control of the planning and rehearsals. She even attended rehearsals when she was substituting at other schools. The injury was sustained during a rehearsal at approximately 4:30 p. m., after school hours.
The principal testified the duties of substitute teachers end at 3:15 p. m. He did not assign extracurricular activities to substitute teachers, but did on occasion assign such duties to members of his regular staff. He testified he consented to plaintiff's participation in the style show because she would be acting as an assistant to one of his regular staff.
Plaintiff received no compensation for working after school hours. There is no evidence that she was promised or expected to receive any compensation therefor. Nor is there any evidence that the defendant itself appointed plaintiff to perform her services after school hours, the only authority for such efforts being the consent of Mrs. Painia and Mr. Lebeau.
Defendant argues these facts establish plaintiff's status as a mere volunteer and not a teacher working within the course *186 and scope of her employment. It contends vigorously that a volunteer status is established by the termination of her duties at 3:15 p. m. together with the lack of compensation to her for duties rendered after that time and that, as she was an uncompensated volunteer at the time of its occurrence, her injury was not sustained within the course and scope of her employment.
Teachers are afforded coverage under the workmen's compensation statute by LSA-R.S. 23:1034, which in pertinent part reads:
"The provisions of this Chapter shall apply to every person in the service of the state or political subdivision thereof, or of any incorporated public board or commission authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, ..." LSA-R.S. 23:1034.
Several cases have established the liability of school boards to teachers injured within the course and scope of their employment.[1]
Revised statute 23:1044 provides that a person who renders services in any trade, business, or occupation is presumed to be an employee of the person for whom he renders such services.[2] This statute places the burden of proof on the defendant to show by evidence sufficient to overcome the statutory presumption that the plaintiff was not his employee.[3]
In the instant case, defendant did not overcome this presumption. It is undisputed plaintiff was an employee of the defendant. Not being compensated for work after 3:15 p. m. is not determinative of the issue before us since regular duty teachers do not receive extra pay for supervising extracurricular activities irrespective of the amount of time consumed by them. Contrary to defendant's argument, plaintiff was in fact engaged pursuant to a contract of hire, and it is immaterial that she worked on different occasions at different schools since her suit is against the school board itself, which operates all of the schools at which she worked.
Moreover, the testimony of Mr. Lebeau establishes that plaintiff was working within the trade, business, or occupation of the school board since he admittedly allowed her to assist Mrs. Painia only because her efforts would be in aid of the duties of a regular staff member of his school in a school sponsored activity. There is nothing contained in the record to show plaintiff was acting outside the course and scope of her employment with the defendant school board.[4]
We are satisfied that a regular, full time teacher who is injured while performing extra work not connected with his or her usual duties (as for example, while coaching a school athletic team) would be entitled to compensation even though such extra work was being done after school hours and without added pay therefor; and, as regards workmen's compensation, we see no difference between a regular, full time teacher and one who only substitutes.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] See Chase v. Pointe Coupee Parish School Board, La.App., 89 So.2d 466; Ridgdell v. Tangipahoa Parish School Board, La.App., 17 So.2d 55; Kroncke v. Caddo Parish School Board, La.App., 183 So. 86.
[2] Stovall v. Solomon, La.App., 94 So.2d 551; Stull v. Russo, La.App., 85 So.2d 112.
[3] Stull v. Russo, footnote 2.
[4] See Evans v. Louisiana State Board of Education, La.App., 85 So.2d 669. See also Augustine v. Avoyelle Parish School Board, La.App., 241 So.2d 807 and Krasnoff v. New Orleans Police Depratment, La.App., 241 So. 2d 11.