PRICE, Judge.
This is an appeal from the judgment of the trial court awarding plaintiff benefits under the Workmen’s Compensation Statute of $65 per week for a period of 23 weeks for temporary disability resulting from an accidental injury alleged to have occurred in his employment with defendant, Bryant and Sons Asphalt Company.
The sole issue presented by the appeal of Bryant and its insurer, Maryland Casualty Company, is whether plaintiff has proven by a preponderance of the evidence that the disability was the result of an accident which occurred while plaintiff was employed by Bryant.
Plaintiff, J. L. Holland, a heavy equipment operator who worked intermittently for Bryant and other contractors doing similar work, contends he injured his back in the late afternoon of October 23, 1973, *801 while preparing to load a tractor called a “front end loader” on a trailer referred to as a “float.” No one else was present at the time of the alleged accident, and plaintiff seeks to establish the occurrence of the incident by his own testimony, supported by his subsequent actions and complaints.
Defendants recognize the rule that the claimant may establish the happening of an accidental injury in a compensation case by his own testimony, provided there is some other corroborating evidence. However, they contend that in this case the evidence is not sufficient because the claimant’s testimony is contradicted by other evidence.
On the date of the accident, plaintiff, at the instruction of Bryant drove the truck and float to a Greenwood Road location. While waiting for Bryant to come and assist him, plaintiff attempted to loosen a heavy cable connected to the float, and in so doing felt a pull in his back. When Bryant arrived some twenty minutes later, they completed the loading of the equipment and delivered it to a new location that same afternoon. Plaintiff worked a part of the next day, which was Wednesday, for Bryant, and on Thursday he worked four hours for another contractor. He did not work on Friday and went to Dr. Don H. Burt, an orthopedist, on Monday morning. He was hospitalized that same day.
Defendants argue that since plaintiff did not tell Bryant about his injury when he arrived to assist in the loading of the equipment, logic and reason compel the conclusion that he had not sustained the injury. Defendants also offered the testimony of a co-worker on the job the following day, who testified plaintiff told him he hurt his back when a loading block kicked from under a track on the front end loader and almost threw him from the float. This account is at variance with the description plaintiff gave of the event.
Plaintiff contends that he did not mention the pull in his back to his employer because he thought at the time it was merely a temporary condition that would not cause any difficulty. The trial judge in written reasons accepted this explanation and further found plaintiff’s testimony in other respects credible and sufficiently corroborated by his subsequent actions. Among the substantiating factors relied on by the trial judge are that plaintiff, or or his wife, called Mrs. Bryant on Monday morning to report the injury, and that plaintiff gave Dr. Burt a history which is compatible with his testimony, although at variance in some inconsequential details.
We find no error in the trial judge’s resolution of this primarily factual issue, which involves the evaluation of the credibility of the witnesses testimony, and affirm the judgment appealed from.
The costs of this appeal are assessed to appellant.