HALL, Judge.
Plaintiff, Robert L. Campbell, sued defendants, H. A. Lott, Inc., and the Travelers Insurance Company, for workmen’s compensation and medical benefits due as a result of a back injury he allegedly sustained while in the employ of Lott. The trial court, without assigning written or oral reasons, rendered judgment in favor of Campbell against Lott and Travelers in solido, awarding $49.00 per week for total and permanent disability up to 500 weeks and $495.00 for medical bills and other expenses. Defendants appeal.
Defendants contend on appeal that plaintiff’s uncorroborated testimony is insufficient to establish the occurence of an on-the-job accident resulting in injury to his back. They also contend that no causal connection has been established to a legal certainty between plaintiff’s injury and a work-related accident.
Plaintiff is a 59-year-old carpenter. In addition to carpentry, he has worked in shipyards and has done some work with cattle and timber. On Monday, August 21, 1972, he went to work as a carpenter for defendant Lott on the Louisiana State University Medical School project in Shreveport. He worked all of the 21st and at least most of the 22nd. On the 21st, he injured his right wrist on the job. This injury required bandaging and prevented him from using his right hand as effectively as he otherwise would. The' existence of this injury is confirmed by plaintiff’s wife and co-workers. The wrist continued to hurt plaintiff and he had it bandaged again before work on his second day on the job.
On the 22nd, plaintiff was working with “forms” which were used in the construction of concrete beams. The forms were of different shapes and sizes, some being as long as eight feet and weighing up to 200 pounds. Two and often three men were necessary to move the forms about. These forms had to be moved from level to level of the project as well as from place to place on the ground. He was working with three other men: David Todd, Henry Ebarb and Harold Glass.
Plaintiff testified that at about 3:00 in the afternoon on the 22nd, while lifting and carrying one of these forms, he dropped it. The form hit him on the leg and he felt a jerk or kink in his back. The pain came rather quickly and plaintiff testified he remarked to another worker that “one almost got him”. He just stood there for a minute or so, then finished moving that form and paused again before continuing work. He testified his leg was bruised but he did not think it amounted to much.
Plaintiff continued to work until shortly before 4:00 without any further complaint or mention to anyone of his back. His testimony was that it continued to hurt somewhat but that he still did not feel that it was a serious injury. His foreman told him shortly before quitting time that he was no longer needed and gave him his final check. Plaintiff still made no mention of his injury.
Plaintiff lives at Center, Texas. After he was dismissed, he drove home to Center. The trip, according to plaintiff, took about one hour and 45 minutes. He said his back hurt, the pain becoming progressively worse, all the way home. When he got home, the testimony of both him and his wife is to the effect that he lay down on the couch immediately and was in constant pain throughout the evening, retiring early. The pain prevented his resting throughout the night. The next morning, August 23, 1972, he reported his injury to *28 Lott’s office and went to see Dr. R. D. Hightower, an orthopedic surgeon, to whom he related the occurrence of the accident the previous day.
Defendants’ first contention is that plaintiff has failed to prove a work-related accident. They argue that plaintiff’s testimony alone is not sufficient to prove the occurrence of such an accident, citing Blair v. Procon, Inc., 188 So.2d 676 (La.App. 2d Cir. 1966) and many other cases. Blair and the other cases make it clear that when the only proof of a work-related accident is the plaintiff-employee’s own testimony, that testimony must be corroborated by the surrounding facts and circumstances. Defendants point to factors they suggest are uncorroborative of and contradictory to plaintiff’s allegations. First they argue plaintiff failed to complain at the job site and delayed in making his report of his accident. They also point to the testimony of the employees who were working with Campbell at the time of the alleged accident to the effect that they did not remember any accident or complaint of a back injury by plaintiff. These employees also suggest that the forms being lifted that day weighed considerably less than the weight suggested by plaintiff.
Defendants then argue that plaintiff has failed to establish the causal connection between the alleged accident and the injury. They argue that Dr. Hightower did not testify at trial and Dr. Don Burt, who treated plaintiff after Dr. Hightower’s death and did testify, could not connect the injury to the job-related accident.
Plaintiff has a long history of construction work, with only one prior compensation claim relating to a lung disease. His failure to make special mention of the accident during the day on which it happened is understandable since it did not seem serious at the time. It should also be noted that it was only a short time between the time he was hurt and the time he left the job. It is not surprising nor contradictory with plaintiff’s injury that he did not report it until the next morning. The doctor’s testimony is to the effect it is common for an injury of this type sustained by plaintiff to cause little pain at the time it happens, with the pain becoming progressively worse after a few hours or even days.
It must also be noted that plaintiff had only been on this job for a little over a day when he was hurt. Not only would this be further reason for his failure to complain, but also for his unfamiliarity with his co-workers. Campbell could not recall their names or faces without help. They were likewise unfamiliar with Campbell. Although Todd, Ebarb and the foreman, Free, testified they remembered plaintiff, but not the accident, it is evident their memories were less than precise. In fact, Ebarb did not remember plaintiff having the wrist injury which Dr. High-tower described as infected and very sore on August 23, and which had been bandaged at the job site the day before. Their mutual unfamiliarity negates the importance of what each noticed or failed to notice about the other. It is noteworthy that Ebarb remembered someone slipping with a form that day, but did not know who it was, while plaintiff thought only he and Harold Glass were present when he was injured. There is no reason to expect that these workers would remember what seemed to be a relatively minor incident involving an unfamiliar co-worker so long ago. This uncertainty is to be expected in view of the testimony that men frequently slipped on the job site while carrying the large and cumbersome forms. Recovery of compensation benefits has been allowed in numerous cases where workmen were uncertain about times and specifics of accidents and failed to note and report serious injuries. See, for example, Holland v. Maryland Casualty Co., 306 So.2d 800 (La.App.2d 1975), and Augustine v. Avoyelles Parish School Board, 241 So.2d 807 (La.App. 3d Cir. 1970).
Plaintiff’s testimony is corroborated by his wife who • observed his obvious pain *29 and discomfort the night of the accident and who agreed with him that he had never had hack trouble before August 22, 1972, but since that day has suffered greatly with his back. Prior to this, he not only held down jobs as a carpenter but he also took care of some cattle and made necessary repairs around his farm. Mrs. Campbell has taken care of the cattle since the accident and plaintiff’s handyman activity has greatly declined. She also testified that he has constantly been in pain since the accident.
Dr. Hightower’s reports and notes are consistent with plaintiff’s allegations and reflect the fact that plaintiff had an acute lumbosacral sprain on the day after the accident, coupled with degenerative disc disease. During the time plaintiff was observed and treated by Dr. Hightower he was totally disabled as far as carpentry work is concerned. Dr. Burt confirmed plaintiff’s disability after he took over his care and treatment. Assuming the facts related by plaintiff, Dr. Burt was of the opinion the accident precipitated or aggravated the disabling condition. Dr. Burt also testified that the acuteness evidenced by Dr. Hightower’s reports was indicative of trauma near the time of his examination. The medical evidence in plaintiff’s favor is uncontradicted.
The trial judge viewed the witnesses and determined plaintiff was injured on Lott’s job site August 22, 1972. Surrounding circumstances corroborate the occurrence of the accident and the relationship between the accident and plaintiff’s disability. There is no manifest error in the district court’s conclusion that plaintiff, with no history of back trouble prior to August 22, 1972, and continuous disability after that date, was injured at defendant’s job site that day.
For the reasons assigned, the decision of the trial court is affirmed at the cost of defendants-appellants.
Affirmed.