358 So.2d 347 (1978)
Elzy Joseph JUNEAU
v.
TULANE INDUSTRIAL LAUNDRY.
No. 9078.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1978.
Francipane, Regan & St. Pee, Metairie, Wayne H. Scheuermann, New Orleans, for plaintiff-appellee.
Nelson, Nelson & Lombard, Ltd., J. Thomas Nelson and Irving H. Koch, New Orleans, for defendant-appellant.
Before GULOTTA, SCHOTT and WICKER, JJ.
WICKER, Judge.
Plaintiff instituted this suit against his employer and its insurer for total and permanent disability benefits under the provisions of the Louisiana Workmen's Compensation Act.[1] Following trial on the merits, judgment was rendered in favor of plaintiff for total and permanent benefits and medical expenses in the full amount allowed by law, subject to a credit for compensation already paid. Defendants have appealed.
In this court appellants contend: (1) Plaintiff failed to bear the burden of proof that an accident occurred; and, alternatively, *348 (2) the medical evidence does not support a finding of total and permanent disability.
Plaintiff testified: He was employed by defendant industrial laundry to deliver uniforms throughout Louisiana and Mississippi. On or about December 13, 1976, at 9:30 a. m. while delivering uniforms to a machine shop in Picayune, Mississippi, he injured his back when he slipped and lost his balance. He was offered assistance by an employee of the shop, but declined, and continued his duties. At about 4:45 that afternoon in Bogalusa, Louisiana he checked into a hotel room, took anacin to relieve the pain and went to sleep. The following day he continued to work and upon the completion of his route returned to New Orleans. He told his boss, Mr. Morreale, that he had fallen and hurt his back and was unable to unload the truck. Plaintiff continued to work for the company until January 7, 1977 when, because of back problems, he was unable to continue. He was admitted to Veterans Hospital on January 13, 1977 where a back operation was performed later that month.
The deposition of Mr. William McConnell, an employee of the Picayune Machine Shop, indicated that some time in December, 1976, he was standing about 5 feet from plaintiff with his back to him, counting and separating his uniforms when plaintiff yelled in pain: "Ow! My back's hurt." The witness further testified that plaintiff sounded like he was in pain. As he looked around, plaintiff was rising from a bent position, and had his hand behind his back. McConnell asked if plaintiff needed any help but plaintiff said he would be O. K., so McConnell went about his business.
Mr. Raymond R. Lossett, Sr., owner of the machine shop where the accident allegedly occurred, testified that he did not know of the incident except what he had heard through McConnell, but he considered McConnell to be very reliable and that if McConnell said he saw the man raise up holding his back and uttering some words he would believe him.
The record further establishes, through the deposition of Dr. Charles B. Clark, that when seen in January, 1977, plaintiff gave a history of his present back problems as having occurred when he was on the job leaning over to pick up a laundry bag some five weeks prior to this examination. He had a previous history of a back operation in 1961, but only occasional back problems since that time.
While no one from defendant laundry appears to have known about the accident at the time it occurred, we are impressed with the testimony of Mr. Morreale, the vice president of defendant corporation, that plaintiff was an excellent worker whom he described as a "hustler". Plaintiff had won a contest put on for the employees every year to earn extra Christmas money and was described by Morreale as being very conscientious.
Our settled jurisprudence is to the effect that as in any other civil suit plaintiff in a workmen's compensation case has the burden of establishing his claim by a preponderance of the evidence.[2] It is also established that liberal construction of the law in favor of the injured employee in workmen's compensation cases does not relieve the claimant of this burden.[3]
However, the trial court found and, on the basis of the record before us, we agree that plaintiff has proven that an accident occurred in the instant case.
Relative to appellant's second contention, the medical evidence is that on January 21, 1977, plaintiff underwent removal of the fourth and fifth lumbar discs. The onset of this problem was related by the doctor to the incident in December, 1976. The disc surgery performed in 1961 was in another area, with removal of an S-1 disc. Dr. Clark indicates that on June 27, 1977, he concluded plaintiff was unsuitable for any kind of lifting, bending, stooping, or prolonged *349 periods of sitting or driving. His further prognosis would have to depend on a future examination. He was of the opinion there was a good possibility that these symptoms would subside in time, but on the other hand, if they did not, plaintiff would need further evaluation and investigation. Whether or not the condition would be temporary total disability would depend on further evaluation and investigation. He concluded plaintiff would probably have some residual permanent disability but the degree was not determinable at this time, and plaintiff's permanent disability may be only temporary in nature. He was unable to state a percentage of partial disability until further examination at a later date.
When the period of disability of the injured employee is indefinite, the correct procedure is to allow the compensation during disability not to exceed the statutory maximum.[4] Where the evidence in a compensation case indicates that the plaintiff has sustained total disability at the time of trial, the defendant would have the right to rule the plaintiff into court after 6 months from date of judgment to test whether or not he has recovered.[5] Thus, we are of the opinion that compensation for total permanent disability was properly awarded at the time of the trial.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 23:1201 et seq.
[2] Crooks v. Belden Corporation, La.App., 334 So.2d 725; Dunman v. Kroger Company, La. App., 333 So.2d 427.
[3] Tillman v. Hartford Accident & Indemnity Co., La.App., 314 So.2d 507; Mamon v. Western Waterproofing Co., La.App., 243 So.2d 105.
[4] Whiddon v. Concrete Pipe Products Company, La.App., 78 So.2d 439.
[5] LSA-R.S. 23:1331; Johnson v. Cajun Enterprises, La.App., 293 So.2d 617; Brown v. International Paper Co., La.App., 58 So.2d 557; McClung v. Delta Shipbuilding Co., La.App., 34 So.2d 70.