DUFRESNE, Judge.
Norman A. Lambert, plaintiff, brings this appeal from an adverse judgment in his suit for Workmen’s Compensation benefits brought against his former employer, Colonial Sugars Company, and their insurer, The Insurance Company of North America, defendants. Because we find no manifest error in the trial court’s determination that plaintiff failed to show by a preponderance of the evidence that his present disability was caused by his employment activities or environment, we affirm.
The facts of the case are these. Lambert was employed by Colonial for over 25 years. He was exposed regularly to “bone black” dust, and occasionally to asbestos, during the last seven or eight years of that employment. In 1979, he began suffering from disabling shortness of breath and chest pains. He was diagnosed as having fibrosis or scarring of the lungs, a condition which can be caused, among other things, by asbestos inhalation. When so caused, the condition is known as asbestosis.
Lambert sought workmen’s compensation benefits from Colonial, alleging that his lung condition resulted from exposure to “bone black” and asbestos. When these benefits were denied, this lawsuit followed. After trial on the merits, the district court determined that Lambert had failed to show by a preponderance of the evidence that his lung condition was caused by exposure to either “bone black” or asbestos, and judgment was therefore entered for Colonial. It is from this judgment that Lambert now brings this appeal.
*2 It is settled law that factual determinations made by a trial court will not be disturbed on appeal unless those determinations are manifestly erroneous, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). It is equally settled that a plaintiff in a workmen’s compensation case bears the burden of proving his claim by a preponderance of the evidence, Juneau v. Tulane Industrial Laundry, 358 So.2d 347 (La.App. 4th Cir.1978). Applying these principles to the case before us, we conclude, as did the trial court, that the plaintiff simply failed to meet his burden of proof.
It is not contested here that Lambert failed to offer any evidence to support his original allegation that his disability may have been the result of “bone black” exposure. Indeed, the results of tests conducted on request of his own treating physician failed to disclose any link between this substance and Lambert’s lung condition.
As to asbestos exposure, being the cause of the disability, there was some testimony in plaintiff’s favor. This testimony, however, was far outweighed by contrary testimony on defendant’s behalf.
Plaintiff’s case was as follows. He was exposed to asbestos pipe insulation some twelve times per year for the last eight years of his employment. His job during those years required him to repair small pipes, and in so doing the asbestos insulation had to be removed. His treating physician, after studying x-rays of Lambert’s lungs, was of the opinion that they revealed classic signs of asbestosis. He further stated, however, that the average minimum latency period between exposure to asbestos and the actual appearance of asbestosis is ten years.
In rebuttal, defendants introduced testimony by two other physicians. The first, a pathologist, had performed an examination of tissue removed from Lambert’s lung during the summer of 1981. His unequivocal finding was that there was absolutely no asbestos present in that tissue. The second doctor, an acknowledged expert on asbestosis, stated that asbestosis cannot be diagnosed without the presence of asbestos fibers m the lungs. His further testimony was that generally the minimum latency period between exposure and onset of the disease is 15 years. He also said that a worker would have to be exposed on an almost daily basis to large amounts of asbestos dust to contract the disease within that period. After examining Lambert twice, and reviewing his medical records, and considering the minimum level of asbestos exposure involved, it was this physician’s firm conclusion that the plaintiff did not have asbestosis.
On this evidence, the trial court concluded that defendant’s evidence was more persuasive, and therefore that plaintiff failed to carry his burden of proof by a preponderance of the evidence. We find nothing manifestly erroneous in this determination.
Plaintiff also alleges here that testimony by an official of Colonial to the effect that no other employee of the company had ever contracted asbestosis was incorrect. While there is nothing in the record to substantiate this allegation, even if it were accepted as true, we fail to see what bearing this fact could possibly have had on the outcome of the present suit, and therefore find this argument meritless.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.