SAVOY, Judge.
This is a workmen’s compensation action in which plaintiff seeks to recover maximum benefits for total and permanent disability allegedly resulting from an accident which occurred while he was acting within the course and scope of his employment by the defendant, T. & C. Contractors. Additionally, plaintiff is seeking to recover statutory penalties and attorney’s fees.
*226 On November 18, 1969, plaintiff was employed by T. & C. Contractors. On that morning he was working alone, operating a bulldozer pulling a disk on some land in Natchitoches Parish. He testified that rain forced him to discontinue working, and that while descending from the bulldozer, he slipped and fell. There were no witnesses to the incident. Mr. Oliver testified further that he was knocked unconscious when he fell, and that he does not remember anything more about the incident until he woke up at about 1:30 P.M. on the same day about seven or eight miles away from where he had been working. At this time, he was standing in the middle of a highway next to his pick-up truck with the motor running. . He stated further that he got into his truck and drove to a store owned by Mr. and Mrs. Thomas Collier. Mr. and Mrs. Collier testified that he told them of falling off a “tractor”. Mr. Oliver stayed at the Collier store long enough to have a cup of coffee and to obtain some glue for a friend.
After leaving the Collier store, plaintiff drove home. He arrived there at approximately 4:30 or 5:00 P.M. Present at his home were his wife, his son, and R. O. Garrett, a close friend. Mr. Oliver related to these people his story of slipping and falling, and he was immediately taken to the office of Dr. L. E. L’Herisson in Coushatta, Louisiana, for a medical examination.
From November 19, 1969, through December 1, 1969, Dr. L’Herisson had plaintiff hospitalized for treatment of neck and back injuries. On November 24, 1969, Mr. Oliver was examined by Dr. Robert D. Hightower, an orthopedic surgeon with offices in Shreveport. Dr. Hightower saw plaintiff on six subsequent occasions over a 14-month period for purposes of examination and treatment.
Plaintiff was also examined by Dr. Raymond J. Beurlot, Jr. and Dr. T. E. Banks, both of whom are orthopedic surgeons with offices in Alexandria. He saw each of these doctors only once, and then only for the purpose of this litigation. Both of these doctors testified by deposition that plaintiff had no orthopedic disability resulting from a neck injury which would prevent him from operating a bulldozer.
Dr. L’Herisson also testified by deposition and offered the opinion that Mr. Oliver could do any kind of dozer work except the actual running into trees to uproot them as of April 27, 1970. On that date Dr. L’Herisson found no appreciable limitation of motion in plaintiff’s neck. Further, Dr. L’Herisson stated that he could do any kind of work with a bulldozer including the uprooting of trees no later than January 1, 1971.
Dr. Hightower testified by deposition that plaintiff had a permanent limitation of motion in his neck of about 25% to 331/3%. He felt that Mr. Oliver would suffer pain in his neck if he engaged in any activities involving the rough riding of machinery or climbing. However, on May 8, 1970, Dr. Hightower advised plaintiff that “he could return to his regular job without restrictions on a trial basis for one month.”
There is no evidence that plaintiff has returned to any type of employment since the date of his accident. After the accident he was paid workmen’s compensation benefits in the amount of $45.00 per week for 22 weeks, and then was paid $12.50 for an additional 18 weeks, the last payment being made on August 25, 1970.
The trial court considered the evidence presented and ruled in favor of defendants and dismissed plaintiff’s suit. We do not find that the trial court committed manifest error; therefore, we affirm the decision of the trial court.
We are first concerned in this case with whether plaintiff did in fact suffer an injury from an accident which occurred during the course and scope of his employ- *227 merit by T. & C. Contractors. The testimony of the plaintiff alone has often been held to sufficiently establish an accident, provided that there is no dispute as to the injury, no question of the credibility of plaintiffs testimony, and all other facts corroborate plaintiff’s story. Hawkins v. Orleans Parish School Board, 254 So.2d 276 (La.App. 4 Cir. 1971). The additional applicable rule is that plaintiff must prove the existence of a work-related accident to a legal certainty and by a preponderance of the evidence. Norman v. Glazer Steel Corporation, 199 So.2d 613 (La.App. 4 Cir. 1967); Guillory v. New Amsterdam Casualty Company, 244 La. 225, 152 So.2d 1 (1963).
A claimant has been held to have borne his burden of proof by a preponderance of the evidence where his testimony as to an accident was corroborated by medical testimony as to the injury. Mamon v. Western Waterproofing Company, Inc., 243 So.2d 105 (La.App. 1 Cir. 1970). However, it was also pointed out in the Mamón case, supra, that:
“It is well established in our jurisprudence that the trial judge is in the best position to evaluate the credibility of witnesses and to determine the weight which should be given to their testimony.”
In the instant case, there were several discrepancies in the testimony related to the court by plaintiff and the lay witnesses. The physicians treating plaintiff confirm that he had an injury.
Although no single detail of the contradictions in the evidence may have been sufficient to cast doubt upon plaintiff’s credibility, we feel that the circumstances considered as a whole are such so as to cast sufficient doubt. Therefore, we find no manifest error in a finding by the trial judge that the claimant did not establish by a preponderance of the evidence that his injury resulted from an accident arising out of and during the course and scope of his employment.
However, even if it can be considered that a compensable accident occurred, we feel that there is no justification here to find that plaintiff is permanently and totally disabled within the meaning of the Louisiana Workmen’s Compensation Act.
In establishing disability in a workmen’s compensation case, the testimony of a treating physician who has the benefit of repeated examinations and sustained observation is accorded greater weight than that of a physician who has seen the claimant but once, and then for only purposes of litigation. D’Avy v. Bituminous Casualty Company, 255 So.2d 645 (La.App. 3 Cir. 1971); also Moulard v. Massman Construction Company, 209 So.2d 742 (La.App. 3 Cir. 1968) and cases cited therein.
In the instant case, the treating physicians were Drs. L’Herisson and Hightower. Although Dr. Hightower did have some reservations, the testimony of both of these doctors was in essence that plaintiff could return to his former employment. We feel, therefore, that the fact that plaintiff did not return to work is not alone sufficient to establish his claim for permanent and total disability. In fact, there is some evidence that plaintiff had not returned to work because of physical ailments which were totally unrelated to the injury plaintiff contends resulted from an accident which occurred on November 18, 1969.
For the reasons assigned, the judgment appealed from is affirmed, and all costs of this appeal are assessed against plaintiff-appellant.
Affirmed.