BEER, Judge.
This is a workmen’s compensation suit alleging a work related aggravation of a previously latent congenital condition known as spinal stenosis. Spinal stenosis, or narrowing of the spinal canal, is a rare condition which may, if untreated, cause disability as it progresses. Plaintiff claims he suffered a “bulging disc” injury in the course of his employment as a cafeteria worker and thereafter underwent a lami-nectomy which, in effect, widened his spinal canal. He now asserts, the success of the operation notwithstanding, that he is permanently and totally disabled. Defendant, on the other hand, contends, with significant evidentiary support, that the plaintiff’s congenital nonwork related condition was not aggravated by trauma. Defendant further contends that, at any event, the spinal stenosis has been alleviated as a result of the operation and that plaintiff is actually better off now than ever before.
The trial court rendered judgment in favor of plaintiff awarding compensation *525 benefits of $49.00 per week from April 21, 1971 through May 8, 1973 subject to a credit of $833.00 for compensation previously paid.
There is a conflict in the testimony and evidence concerning the date and the mechanics of plaintiff’s alleged back injury. Although this issue is not discussed at all in the trial court’s written reasons for judgment we deem it important to review the record on this point. The following data has been extracted from the record by us:

The trial judge obviously concluded that the plaintiff did suffer a work connected disability. We have affirmed awards where the plaintiff was the only witness to the disability causing incident holding that plaintiff’s straightforward uncontroverted testimony can, standing alone, support a conclusion that he has carried the burden of proof. Hawkins v. Orleans Parish School Board, 254 So.2d 276 (La.App. 4th Cir. 1971). However, one of the conditions of the rule announced by us in Hawkins is that “all other facts and circumstances must corroborate, not contradict, his or her assertions.” Here, the evidence in support of plaintiff’s contentions with respect to date and mechanics of the injury is somewhat inconsistent but not so contradictory as to fail in its corroborative effect.
Three physicians testified regarding the delineation between degenerative and trau *526 matically induced “disc bulges” which have the effect of narrowing the spinal canal. The operating physician, Dr. John Jackson, was of the opinion that when discs are just beginning to bulge slightly, as was the case here, it is difficult to tell whether the bulge was caused by trauma or degenerative process. He believed that it was highly unusual to have several discs bulge in the midline level as a result of trauma and concluded it was more likely that plaintiff’s condition was a result of the congenital spinal stenosis and not trauma induced. On the other hand, Dr. Raeburn Llewellyn testified that he was aware of no way to differentiate though it was unusual to find degenerative bulging discs in a man of plaintiff’s age. Finally, Dr. Randall Williams testified (by deposition) that it is very difficult, even for the operating physician, to determine the genesis of a disc problem. However, he believed that plaintiff, because of congenital spinal stenosis, would be more likely to have degenerative disc problems and, thus, opted for the view that the bulging resulted from degeneration rather than trauma.
Although the evidence seems to preponderate in favor of the conclusion that plaintiff’s condition was not caused by trauma, the type of manual labor that plaintiff was engaged in on a daily basis likely had the cumulative effect of calling plaintiff’s attention to his previously undiagnosed condition. And, although the conflicting evidence regarding a specific disability producing incident causes some doubt that a particular traumatic incident aggravated plaintiff’s preexisting congenital spinal stenosis, there is, nevertheless, support in the record for the opposite conclusion and there is also support for a conclusion that plaintiff had a satisfactory work history involving heavy manual labor for several years prior to April 1971.
Furthermore, the record does lend support to plaintiff’s contention that he did report his alleged injury to a superior sometime during the week ending April 25 which is partially substantiated by plaintiff’s first reporting to the doctor on Monday, April 26.
Since we find no manifest error on the part of the trial court, its judgment is affirmed; cost of this appeal to be paid by áppellant.

Affirmed.