FORET, Judge.
This is, a workmen’s compensation case arising out of an alleged accident occurring *1217 on the 28th day of April, 1976. The trial court rendered judgment in favor of plaintiff for total and permanent disability, and for attorney’s fees in the amount of $5,000.00 for the arbitrary and capricious failure of defendants to pay compensation benefits to the plaintiff.[1]
We quote in part, below, the trial court’s reasons for judgment:
“This is a workmen’s compensation case arising out of an injury allegedly received by the plaintiff while in the employ of the V. V. Sharpe Company in the city of Crowley, Acadia Parish, Louisiana. The accident occurred on the 28th day of April, 1976, when in the process of clipping bags the plaintiff alleged that she felt a sudden pain in her right shoulder, her right arm and neck area. She was seen by Dr. John Guidry on the same day who began treating her symptoms conservatively and at that time he diagnosed the injury as a traumatic neuritis with a possible muscle sprain in the cervical area. When Dr. Guidry found the plaintiff was not improving he referred her to Dr. Stephen Goldware, a neurosurgeon who found nerve root compression in the area of C-5 and C-6 and Dr. Goldware performed surgery fusing the cervical disc on the 3rd of June, 1976, which surgery Dr. Goldware found to be successful.
“The plaintiff however, continued to see Dr. Guidry subsequent to the surgery until the date of the trial with complaints of pain in her neck area and Dr. Guidry testified that her complaints were valid and he prescribed medication and additionally referred her to other specialists for evaluation to determine whether or not the injury that she sustained on the 28th of April, ’76, was the basis of her complaints.
“Dr. Guidry additionally diagnosed the case as a case of traumatic neurosis and never discharged the plaintiff to return to work as he felt that with the complaints of pain she was having she would be unable to return to work.
“On the 26th of January 1979, plaintiff was seen by Dr. Hunter Shirley, a clinical psychologist, whose opinion was that the plaintiff was in fact suffering from a traumatic neurosis, which totally disabled her from any employment at present. He additionally felt that it was possible with treatment that could be rendered for her traumatic neurosis she could recover at some time in the future.
“Complaints by the plaintiff to Dr. Gui-dry and the other specialists who saw the plaintiff remained constant throughout the entire period from the date of the accident.”
On February 3, 1977, based upon reports from Dr. Goldware, the defendants discontinued compensation payments to plaintiff. This was based upon the information received from Dr. Goldware which stated that his operation had been successful and that, in his opinion, the plaintiff was able to return to work.
The defendants, however, were in receipt of information from Dr. John Guidry to the effect that he was still treating Mrs. Smith and that, in his opinion, she could not return to work in that she suffered from traumatic neurosis.
The trial court held that with this information available, the defendants should have had Mrs. Smith evaluated by a psychiatrist or psychologist in order to make a determination as to whether or not she did in fact suffer from traumatic neurosis before discontinuing compensation payments.
Judgment was signed awarding plaintiff attorney’s fees in the amount of $5,000.00 in addition to ordering the defendant to pay *1218 all past and future medical, surgical and hospital expenses owed by Mrs. Smith. We affirm.
The defendants-appellants cite as error on the part of the trial court its rendering judgment prior to the introduction into evidence of the deposition of Dr. Gilíes R. Morin, a psychiatrist in Lake Charles. The deposition of Dr. Hunter Shirley, a clinical psychologist, was taken on behalf of the plaintiff the day prior to the trial. In view of this late development, the trial court held the note of evidence open so that the defendant could depose Dr. Morin and enter his deposition into the record in these proceedings. The trial court is empowered to do this pursuant to LSA-R.S. 13:4207.1 which reads in pertinent part:
“Rule 13:4207.1 Cases Under Advisement
Rule 13:4207.1 (applicable to La.R.S. 13:4207).
(a) When Submitted. A case or other matter shall be considered as fully submitted for decision to the trial judge, and should be decided, immediately upon the conclusion of trial or hearing, and judgment signed expeditiously thereafter.
In an exceptional case when the record has been left open upon the conclusion of trial or hearing for the filing of testimony by deposition and/or documents, such depositions and/or documents shall be filed within fifteen days and the case or matter shall be considered as fully submitted, and should be decided, immediately after such filing or the lapse of fifteen days, whichever occurs sooner.”
As noted above, LSA-R.S. 13:4207.1 provides for a fifteen-day time limit within which parties litigant are to submit depositions and/or other documents to the trial court. The trial was held on March 6, 1979. Subsequent thereto plaintiff-appellee filed the deposition of Dr. Hunter B. Shirley into the record. This was done on March 20, 1979. The deposition of Dr. Gilíes R. Morin, the psychiatrist, was not taken until March 30, 1979. It was subsequently filed with the Acadia Parish Clerk on May 11, 1979. The trial judge rendered written reasons for judgment on May 8, 1979. Judgment was subsequently signed on May 24, 1979. Clearly, the defendants’ filing of Dr. Morin’s deposition was untimely. An extension of the fifteen-day period could have been requested by the defendants, but was not. This matter is largely within the discretion of the trial judge, and we find that he did not abuse his discretion.
The second assignment of error which defendants-appellants allege is that the trial court erroneously awarded penalties and attorney’s fees based solely on the fact that the defendants did not send plaintiff to a psychiatrist when her neurosurgeon stated in his opinion she could return to work. The facts are that her physician, Dr. Guidry, found that she had traumatic neurosis. This fact was known to both defendant and its compensation carrier several months prior to the trial as is evidenced from a letter dated October 17, 1978, from Dr. John Guidry, which stated in essence that the patient was suffering from traumatic neurosis and he felt that she would continue to experience pain and limited motion and “presently” she is totally disabled and would remain so far an undetermined amount of time. We feel, as did the trial court, that the discontinuance of and subsequent failure to recommence compensation payments by the defendant was arbitrary and capricious. We do not hold that it was necessarily incumbent upon the defendants to have the plaintiff examined by a psychiatrist or psychologist, but we do feel that it was incumbent upon the defendants to determine whether or not the plaintiff was in fact capable of returning to work. This determination could have been made by reference to various sources which may include a psychologist or psychiatrist. However, the discontinuance of compensation payments based upon the report of Dr. Gold-ware alone, with total disregard for all other sources constitutes, in our opinion, an arbitrary and capricious action on the part of the defendants.
Defendants-appellants further argue that plaintiff-appellee made no allegation in her original pleading as to the traumatic neurosis suffered by her. The record shows *1219 that no timely objection was made by counsel for defendants as to this enlargement of the pleadings. If issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings. LSA-CCP Article 1154; Fontenot v. Garland, 352 So.2d 251 (La.App. 3 Cir. 1977) writs ref., 353 So.2d 1339 (La.1978); Standard Roofing Co. v. Ragusa Bros., Inc., 338 So.2d 119 (La.App. 1 Cir. 1976). For this reason, evidence relating to the issue of the traumatic neurosis suffered by the plaintiff was properly admitted inasmuch as counsel for defendants did not timely object to the admission of such evidence.
For the reasons given above, the judgment of the trial court is affirmed.
Costs of this appeal are assessed against defendants-appellants.
AFFIRMED.

. Although the reasons for judgment given by the trial court stated that judgment would be rendered granting statutory penalties as provided for in workmen’s compensation cases, including attorney’s fees, the judgment itself did not provide for statutory penalties other than attorney’s fees. No appeal was taken or answer filed by the plaintiff with regard to the failure of the judgment to include other statutory penalties in addition to attorney’s fees. Accordingly, this omission of the judgment is now final, and we shall only consider the propriety of the award of attorney’s fees, in addition, of course, to the issue of disability.