386 So.2d 1060 (1980)
Riley T. KELLY, Plaintiff-Appellee,
v.
INTERNATIONAL UNION OPERATING ENGINEERS and Continental Insurance Company, Defendants-Appellants.
No. 7697.
Court of Appeal of Louisiana, Third Circuit.
July 22, 1980.
*1061 Bolen & Erwin, James A. Bolen, Jr., Alexandria, for defendants-appellants.
John P. Navarre, Oakdale, for plaintiff-appellee.
Before FORET, STOKER and LABORDE, JJ.
FORET, Judge.
This is a workmen's compensation case. Riley T. Kelly was injured in an automobile accident on October 13, 1977. At the time of the accident, Kelly was in the course and scope of his employment with International Union Operating Engineers (hereinafter International) as an assistant business agent. Plaintiff was paid compensation benefits until on or about October 1, 1978, at which time Continental Insurance Company (hereinafter Continental), the compensation carrier of International, ceased payment of the benefits. Kelly then brought the instant suit. The trial court held in favor of plaintiff and against defendants, finding plaintiff permanently partially disabled, and awarding him:
(1) $130.00 per week during the period of disability, commencing October 13, 1977, but not to exceed 500 weeks;
(2) legal interest on past due installments;
(3) medical expenses incurred as a result of the injuries sustained;
(4) dismissing plaintiff's claim for penalties and attorney's fees, and
(5) rejecting plaintiff's claim for loss of teeth.
Defendants have appealed, alleging that the judgment of the trial court finding plaintiff permanently partially disabled, and awarding him $130.00 a week for the period of disability is manifestly erroneous.
The only issue presented on appeal is whether or not the finding of the trial court is clearly wrong.
It was stipulated between counsel for all parties that plaintiff was in the course and scope of his employment at the time he was injured and that the compensation rate is $130.00 per week.
Under LSA-R.S. 23:1221(3), an injured workman is partially disabled if, because of his injury, he cannot return to his former employment but can perform gainful employment in another position. Kilbourne v. Armstrong, 351 So.2d 802 (La.App. 1 Cir. 1977); LeBlanc v. Commercial Union Assurance Company, 349 So.2d 1283 (La. App. 1 Cir. 1977), writ denied, 351 So.2d 174 (La.1977). A worker is also partially disabled where he would experience substantial pain when working in his former occupation, but where he could work in other types of jobs without experiencing such pain. McBroom v. Argonaut Insurance Company, 370 So.2d 212 (La.App. 3 Cir. 1979), writ denied, 371 So.2d 1342 (La.1979); Conlay v. Houston General Insurance Company, 370 So.2d 196 (La.App. 3 Cir. 1979); writ granted 371 So.2d 618 (La.1979).
It is well settled that an injured worker who suffers substantial pain in performing his former job or who cannot engage in any gainful employment without incurring substantial pain is disabled, either totally or partially. Phillips v. Dresser Engineering Company, 351 So.2d 304 (La.App. 3 Cir. 1977), writ denied, 353 So.2d 1048 (La.1978); Rachal v. Highlands Insurance Company, 355 So.2d 1355 (La.App. 3 Cir. 1978), writ denied, 358 So.2d 645 (La.1978); Whitaker v. Church's Fried Chicken, Inc., 387 So.2d 1093 (La.1980).
We note at the outset that physical inability to return to work and inability to return to work due to substantial pain are questions of fact. The determination of fact made by a trial court will not be disturbed when there is evidence before the court, which evidence, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's findings, unless those findings are clearly wrong. Crump v. Hartford Accident and *1062 Indemnity Company, 367 So.2d 300 (La. 1979). In this regard, we stated in Conlay v. Houston General Insurance Company, supra, at page 200:
"... The trial court's favored position in seeing and hearing live witnesses is especially important when the factual determination involves a concept as subjective as pain. Colorful inflections and subtle nuances given to spoken and physical expressions describing the degree of pain simply do not come out in the black and white transcription of testimony contained in the appellate record."
We now address the specific evidence presented in this case.
Riley Kelly's job as assistant business agent required him to drive extensively throughout the state. The record shows that he had to travel between 5,000 and 6,000 miles per month. He was not required to perform any other physical labor. On the other hand, the job he had prior to becoming assistant business agent, that of operating engineer, involved the use and operation of heavy equipment and required considerable physical work. The record further shows that the position of assistant business agent is no longer available to plaintiff.

MEDICAL EVIDENCE
Plaintiff was first seen by a general practitioner, Dr. George Mowad, at Oakdale General Hospital on the day of the accident, October 13, 1977. X-rays were taken which revealed no fractures or other abnormalities. Kelly was treated with hot packs, whirlpool baths, steroids and cortisone. He remained in the hospital until October 17, 1977, at which time he was discharged. Dr. Mowad saw the plaintiff again on October 18, October 20, October 24, October 27, October 28, and October 31, of 1977. On each of these occasions, he was administered medcosonolator treatments (a combination of ultrasonic sound and electrical stimulation). Kelly was not seen by Dr. Mowad during 1978, but was examined by him on April 11, 1979. He was given one treatment and told to return if he had any more problems.
Plaintiff was referred to Dr. William Akins, an orthopedic specialist, by Dr. Mowad and was first seen by Dr. Akins on February 11, 1978. Dr. Akins found no evidence of nerve or disc damage. He determined that Kelly had a straining injury involving the muscles and ligaments of the neck which could be described as a cervical strain. Dr. Akins recommended a series of exercises and traction to the neck, to be instituted on a homebound basis. Dr. Akins next saw plaintiff on April 19, 1978. There was no significant improvement in plaintiff's condition at that time. Plaintiff was experiencing numbness in his left index and long finger and some pain when the neck was rotated. A cervical myelogram was recommended but was never performed as plaintiff did not keep his appointment. Dr. Akins also found that plaintiff had a degenerative disc condition at the C5-C6 level, which condition pre-existed the accident. Dr. Akins was of the opinion that the plaintiff would accomplish his present job with pain and discomfort but could not return to his previous position as an operating engineer.
Kelly was also examined by Dr. Douglas Gamburg, an orthopedic surgeon, on April 24, 1979, at the request of Continental. Dr. Gamburg found no subjective weakness or numbness in either the lower or upper extremities. Vertebral alignment was diagnosed as being normal. All disc space heights were well maintained. There was no evidence of nerve root dysfunction in the cervical or lumbar region.
Both Dr. Gamburg and Dr. Akins were of the opinion that Kelly could return to work as business agent but would experience pain, sometimes mild and sometimes substantial. This pain would be aggravated by driving or riding long distances. Both doctors agreed that Kelly could not return to his former duties as an operating engineer without a good deal of difficulty and substantial pain.
After careful consideration of the evidence presented, including both medical and *1063 lay testimony, we fail to find error on the part of the trial court in finding the plaintiff permanently, partially disabled.
At oral argument, counsel for defendants pointed out to the Court that since this accident occurred on October 13, 1977, which is obviously after September 1, 1977, that according to the provisions of LSA-R.S. 23:1221(3) the maximum period for award of compensation benefits for partial, permanent disability is 450 weeks. Consequently, defendant urged that the trial court erred when it awarded benefits for 500 weeks. We agree, and the trial court judgment will be amended accordingly.
Plaintiff alleges that the trial court erred in not awarding him benefits for loss of five teeth. No evidence was adduced at trial concerning this item of damage. Plaintiff sought to introduce evidence after the trial regarding his loss of teeth. The trial court disallowed the evidence but reserved unto plaintiff the right to bring another action for benefits relative to this injury. According to plaintiff's brief, the record had been held open for the taking of additional medical evidence in the form of depositions. It was at this juncture that plaintiff sought to introduce the evidence regarding his loss of teeth.
The holding open of a record for a note of evidence and the submission of evidence after trial is largely within the discretion of the trial court. Smith v. V.V. Sharpe Company, Inc., 379 So.2d 1216 (La. App. 3 Cir. 1980), writ denied 381 So.2d 1233 (La.1980); Fontenot v. American Fidelity Fire Insurance Company, 386 So.2d 165 (La.App. 3 Cir. 1980). We find no abuse of discretion on the part of the trial court in pretermitting this issue.
Plaintiff's final contention deals with the trial court's denial of his request for penalties and attorney's fees. Defendant, Continental, ceased paying compensation benefits to plaintiff on or about October 1, 1978. Plaintiff in brief argues that he is entitled to penalties and attorney's fees because defendant was arbitrary and capricious in stopping the payments. Plaintiff, however, has not appealed this part of the trial court's judgment nor has he answered the defendants' appeal. The judgment is therefore final as to the issue of penalties and attorney's fees, and the claim for same will be dismissed.
IT IS ORDERED, ADJUDGED AND DECREED that the trial court judgment be recast to the extent that the weekly benefits awarded to the plaintiff shall be 450 weeks rather than 500 weeks. In all other respects, the trial court judgment is affirmed.
For the reasons assigned above, the judgment of the trial court is amended, and as amended, is affirmed, at appellants' costs.
AMENDED AND AFFIRMED.