PEREZ, Judge.
Nora Rita Case, plaintiff-appellee, was involved in a non-employment related accident on August 19,1977, which resulted in a fractured left elbow and wrist. A surgical procedure was performed on the arm. Thereafter, the plaintiff resumed her occupation as a security guard at the K-Mart store in Algiers. On October 25,1977, while in the course and scope of her employment at K-Mart, a 100 pound box fell on the plaintiff’s left arm, aggravating the previous injury.
Suit was then filed claiming a total permanent, or alternatively, partial permanent disability. The trial court found a partial permanent disability under La.R.S. 23:1221(3) and awarded the plaintiff $77.33 per week for 450 weeks. The defendant, K-Mart Corporation, has appealed from the judgment.
Appellant, K-Mart, contends that the injury does not preclude the plaintiff from seeking other gainful employment, and ac *1283 cordingly, the plaintiff should be awarded only 200 weeks of compensation under Section (4) of La.R.S. 23:1221. K-Mart does not contest the fact that the injury was job-related and that it resulted in a disability, however, K-Mart maintains that the injury should be compensated according to La.R.S. 23:1221(4) as opposed to Section (3) which was awarded by the trial judge.
The basis for appellant’s argument is two-fold: That the plaintiff failed to heed her doctor’s advice and remove her arm from the sling; and that since the injury did not preclude the plaintiff from seeking other gainful employment, Section (4) should apply.
K-Mart contends that the plaintiff must be held responsible for the aggravation to her injury. Testimony revealed that the plaintiff’s neurosurgeon advised her to remove the arm from the sling for therapy purposes. However, due to the pain involved, the plaintiff did not remove the arm from the sling. Subsequently, arthritis developed in the arm, the likelihood of which would have been diminished had the plaintiff mobilized the arm.
Therefore, K-Mart maintains that the plaintiff is only entitled to 200 weeks of compensation under Section (4). Section (4) is only applicable where the disability does not prevent the person from resuming his or her previous occupation. Apparently, K-Mart contends that had not the arthritis set in, she could have continued to work as a security guard.
We find that it is purely speculative as to whether:
(1) The arthritis was caused by plaintiff’s failure to mobilize the arm; and
(2) Whether in the absence of the arthritis, the plaintiff could have returned to work as a security guard.
On the contrary, the expert medical testimony reflected that prior to the development of the arthritis, the plaintiff’s injury was such that it precluded the normal functions incident to work as a security guard.
K-Mart contends that the plaintiff’s injury does not prevent her from seeking other gainful employment, and accordingly, the injury is compensable under La.R.S. 23:1221(4).
Section (4) refers to a scheduled disability due to loss of a member or partial disability of an extremity. This section only applies where the first three sections are inapplicable.
Such are not the facts in the present case. All three of the doctors who treated the plaintiff testified that the plaintiff would be unable to return to work as a security guard.
Dr. Horn, who performed the original operation on the plaintiff, stated that Mrs. Case’s left arm would not be effective if she tried to use it.
After the accident in K-Mart, the plaintiff developed ulnar nerve palsy and carpal tunnel syndrome. She was referred to Dr. Kline, a neurosurgeon, who rated her disability at 70% of the left hand and 30% total body disability. Dr. Kline’s opinion was that Mrs. Case could not go back to her employment at K-Mart which involves lifting heavy objects and scuffling with shoplifters.
Finally, the plaintiff was last treated by Dr. Fleming for the left-arm injury and a degenerative disc condition in her neck. Independent of the disc condition, Dr. Fleming testified that Mrs. Case would still not be able to return to manual labor and the functions incident to her employment as a security guard.
Under La.R.S. 23:1221(3), an injured workman is partially’ disabled if, because of his injury, he cannot return to his former employment, but can perform gainful employment in another position. Kelly v. International Union Operating Engineers, 386 So.2d 1060 (La.App. 3rd Cir. 1980); Kilbourne v. Armstrong, 351 So.2d 802 (La.App. 1st Cir. 1977); LeBlanc v. Commercial Union Assurance Company, 349 So.2d 1283 (La. App. 1st Cir. 1977), writ denied, 351 So.2d 174 (La.1977).
Medical testimony adduced at trial revealed that Mrs. Case could perform some type of sedentary job, if pain were to decrease.
*1284 In Conlay v. Houston General Insurance Company, 370 So.2d 196 (La.App. 3rd Cir. 1979), the court held:
“La.R.S. 23:1221 is divided into four subsections. The first three subsections deal with temporary total, permanent total and partial disabilities in general. The fourth subsection, however, provides benefits for loss of particular members of the body, loss of the use of such members, disfigurements of the face or head, impairments of the use of a physical function, and inguinal hernias. We recently discussed subsection (4) in Clarius v. Fogleman Truck Lines, Inc., 367 So.2d 1264 (La.App. 3rd Cir. 1979), wherein we explained that the particular compensation must be categorized into one of the provisions of La.R.S. 23:1221, and that these provisions are mutually exclusive. In other words, if the injured workman can be shown to be disabled under subsections (1), (2) or (3), subsection (4) is inapplicable. Jack v. Fidelity & Casualty Company of New York, 326 So.2d 584 (La.App. 3rd Cir. 1976) writ denied 330 So.2d (295 La. 1976), Allen v. Insurance Company of North America, 216 So.2d 400 (La.App. 4th Cir. 1968).”
We find that in accordance with the expert medical testimony at trial, the plaintiff, Nora Rita Case, sustained an injury to her left arm which precluded her from performing duties incident to her employment as a security guard.
Accordingly, Mrs. Case’s injury meets the criteria outlined in La.R.S. 23:1221(3), and is a partial permanent disability.

AFFIRMED.