GRISBAUM, Judge.
In this worker’s compensation case, appellant Ronald P. Orgeron, Sr. brought suit to recover disability benefits from his former employer, Tri-State Road Boring, Inc. (hereafter referred to as Tri-State) and its insurer, United States Fidelity & Guaranty Company (hereafter referred to as U.S.F. & G.). Mr. Orgeron appeals the trial court’s judgment denying recovery. We affirm.
Appellant was employed by Tri-State for four years as a foreman-operator of heavy equipment. It is undisputed that on December 19,1978, in the scope of his employment, appellant was operating a piece of heavy machinery and in removing himself from a pit, slipped on a pipe and sustained fractures to his left ankle. Surgery was required to fix the fractures. This surgery was performed by Doctor Robert A. Fleming, Jr., who closely followed Mr. Orgeron’s progress for approximately one year following the injury.
U.S.F. & G. commenced weekly compensation payments to plaintiff of $141.00 to-talling $14,382.00 and also paid medical bills totalling $8548.84. Compensation and medical payments were discontinued on December 5,1980 when U.S.F. & G., in having routine surveillance conducted of appellant, viewed video cassettes of appellant performing physical labor at various construction sites.
On January 6, 1981, appellant filed suit seeking worker’s compensation benefits, recovery of medical expenses, and recovery of attorney’s fees for appellees’ alleged arbitrary and capricious failure to pay compen *72 sation. The matter was tried on September 24, 1981. Testimony of two physicians was taken by deposition subsequent to the trial and admitted into evidence. On January 12,1982, judgment was rendered dismissing all claims against the appellees.
The issue before this court is whether the trial court erred in denying permanent total disability payments or alternately, partial disability payments.
Appellant claims to be entitled to permanent total disability payments under the odd-lot doctrine as set forth by the Louisiana Supreme Court in Oster v. Wetzel, 390 So.2d 1318 (La.1980). For a finding of odd-lot status, a plaintiff must show that because of his physical impairment, mental capacity, education, training, age, availability of employment in his area, and any other relevant factor, he “cannot perform the substantial and material parts of some gainful work or occupation with reasonable continuity.” Oster v. Wetzel, supra p. 1323. If the plaintiff is successful in showing a combination of factors indicating that the services which he is able to render are so limited in quality, quantity, or dependability that a market for his labor does not exist within which he can effectively compete, he has presented a prima facie case for classification in the odd-lot category.
Appellant has failed to make such a showing. Appellees’ witness, Doctor Ewing, opined that appellant could return to virtually any job short of one requiring running or jogging. Appellant’s own witness, Doctor Fleming, stated that Mr. Or-geron would be able to return in a supervisory capacity to a job. Appellant had worked as a foreman in various jobs for the past eleven years. Thus appellant’s physical impairment and training were not such as to prevent him from performing some gainful work.
Appellant’s alternate claim for partial disability is called for when a worker cannot perform the same work he did before his injury because it causes him substantial pain but he has the mental capacity and physical capability to perform other jobs which are available. The claimant who alleges disability because of inability to perform his usual and regular duties without substantial or appreciable pain must establish the existence of that condition by a preponderance of the evidence. Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980).
An inability to return to work due to physical impairment or substantial pain is a question of fact. A determination of fact will not be disturbed when there is evidence before the trier of fact which furnishes a reasonable factual basis for the trial court’s findings, unless such finding is clearly wrong. Kelly v. International Union, Etc., 386 So.2d 1060 (La.App. 3d Cir.1980). The trial court’s judgment reflects his finding that the burden of proof was not carried.
The evidence in the instant case supplies a reasonable factual basis for denying recovery. The medical evidence consisted primarily of depositions of the treating physician, Doctor Fleming, and of the physician for evaluation purposes, Doctor Ewing. This court recognizes that in establishing disability in a worker’s compensation case, “the testimony of a treating physician who has the benefit of repeated examinations and sustained observation is accorded greater weight than that of a physician who has seen the claimant but once, and then for only purposes of litigation.” Oliver v. T & C Contractors, 264 So.2d 225 (La.App. 3d Cir.1972).
Even so, the treating physician’s testimony taken in light of the other evidence did not support a finding of substantial pain or physical inability to return to work. In depositions taken on July 29, 1981 and December 2, 1981, Doctor Fleming stated that Mr. Orgeron would probably experience discomfort from increased swelling if he was on his feet all day. He also noted evidence of traumatic arthritis developing in Mr. Or-geron’s ankle. He assigned a 50 percent disability rating to Mr. Orgeron’s left ankle. However, when asked by appellant’s attorney if appellant would experience substantial pain, require substantial medication or *73 have substantial swelling after working a vigorous six to eight hour day, the Doctor responded,
“I feel he would have difficulty and would require elevation and medication. I think he would have difficulty going eight hours in a job situation standing, stooping, bending, yes.”
When asked about the condition of appellant’s ankle if he were to stand and nail some boards together for six or eight hours, Doctor Fleming stated,
"... I would think he would have some aching, discomfort in that ankle as opposed to the non-involved ankle.”
He recognized, however, that pain is a subjective factor and varies according to the individual. He stated that some individuals can tolerate aching and discomfort. Thus, although Doctor Fleming recommended that appellant not return to his prior job because of expected difficulty and discomfort, his testimony did not support a legal conclusion that appellant is disabled.
It is well settled that:
“... a claimant will not be held to be disabled within the meaning of the Workmen’s Compensation Act solely because he suffers some residual pain and discomfort when he attempts to work following a work-connected accident. The residual pain or discomfort in such a circumstance will be considered as being disabling only if it is substantial or appreciable pain. Glidden v. Alexandria Concrete Company, 242 La. 626, 137 So.2d 894 (1962); Jackson v. American Mutual Liability Insurance Co., 242 So.2d 903 (La.App. 3d Cir. 1971).”
Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980).
Doctor Ewing, who examined Mr. Orger-on on behalf of the appellees, also found swelling of the ankle and anticipated some discomfort upon sustained use of the ankle. He recognized that he could only speculate as to the amount of pain, but he felt the appellant could work ordinarily. He assigned a 21 percent disability rating to Mr. Orgeron’s ankle.
Thus, the medical evidence confirms that Mr. Orgeron has some residual swelling in his ankle and would experience some discomfort after a full day of strenuous work. However, the amount of pain must be substantial or appreciable and evidence of that is missing from the medical testimony.
In his reasons for judgment, the trial judge gave great weight to films introduced into evidence. U.S.F. & G. had surveillance conducted of Mr. Orgeron on three separate occasions resulting each time in video cassettes of Mr. Orgeron on job sites of C.E. Albert Construction Co. Mr. Orger-on’s brother is a construction superintendent for C.E. Albert. Appellant asserts he was not paid by C.E. Albert for any work, but only went to visit his brother. This court has viewed the video cassettes in their entirety. Evidence in the form of moving pictures must be used with great caution, because such pictures show only intervals of the activities of the subject, they do not show rest periods, they do not reflect whether the subject is suffering pain, and they do not show the after effects of his activities. Gagliano v. Boh Bros. Const. Co., 44 So.2d 732 (La.App. 4th Cir.1950); Constanza v. Southern Farm Bureau Casualty Ins. Co., 124 So.2d 621 (La.App. 3d Cir.1960); 3 Larson’s Workmen’s Compensation Law, Sec. 79.74; Lambert v. Wolf’s Inc., 132 So.2d 522 (La.App. 3d Cir.1961).
In the instant case, the investigator who shot the films explained at trial that there are approximately two and one-half hours of film out of the three mornings he watched the appellant because he only rolls the film when the subject is performing some physical activity. Therefore, it is evident the appellant was not working full days. Although the films do show sustained activity of the appellant, his ability to freely and strenuously use his ankle for a few hours does not prove he could do so for six or eight hours without substantial pain.
The trial court’s reasons for judgment placed an inappropriate amount of weight on the video cassettes. We do not adopt, therefore, the reasons for judgment. This *74 court assigns as reasons for denying recovery the failure of the medical evidence to establish substantial pain and the lack of any other evidence such as lay testimony to support a finding of disability.
Therefore, we find that the appellant failed to carry his burden to prove substantial pain by a preponderance of the evidence.
AFFIRMED.