LEAR, Judge.
This case arose out of a one-car automobile accident which occurred on or about January 8,1980. According to the petition, the car which plaintiff-appellant was driving allegedly skidded off the road in a curve due to bad shock absorbers. Defendant-ap-pellee denied the alleged defective condition and thereafter filed a motion for summary judgment. The motion was accompanied by an affidavit of defendant’s expert stating that he had examined the vehicle and its shock absorbers shortly after the accident and they were both in good mechanical condition prior to the accident and that there were no malfunctions or failures in the vehicle which could have contributed to the accident. The motion for summary judgment was originally set for hearing on October 9,1981, but was continued at plaintiff’s request due to a schedule conflict. The summary judgment hearing was reset for October 30, 1981.
On October 28, 1981, plaintiff filed a motion to produce shocks for inspection, which motion was also set for hearing on October 30, 1981. On that day, plaintiff also filed a motion to continue the summary judgment, alleging that he had requested that defendant produce certain evidence (the shock absorbers) for inspection and testing, that this evidence was at issue in the motion for summary judgment and that the hearing should therefore be continued. At the hearing, the trial judge granted plaintiff’s motion for production of the shock absorbers and ordered that they be made available for inspection and testing by plaintiff’s expert at 10:00 a.m. on November 6, 1981, at defendant’s law office. At that same time, plaintiff’s motion for a continuance was denied and the trial judge ordered that the summary judgment be “taken under advisement.”
Thereafter, without further notice or hearing, the trial court, on November 23, 1981, assigned written reasons and rendered judgment on defendant’s motion for summary judgment, dismissing, with prejudice, plaintiff’s suit. This judgment showed only defendant’s attorney to have been present at the hearing and was thereafter amended to indicate that both plaintiff’s and defendant’s attorneys were present at the hearing. The minutes of the court and other entires in the record indicate that only one hearing was, in fact, held, that being the hearing on October 30, 1981. Nothing in the record indicates that plaintiff was notified of or appeared at any other subsequent hearing.
*10 We find that Supreme Court Rule 13:4207.1 is controlling in this present situation. That rule provides, in pertinent part, as follows:
“(a) When Submitted. A case or other matter shall be considered as fully submitted for decision to the trial judge, and should be decided, immediately upon the conclusion of trial or hearing, and judgment signed expeditiously thereafter.
“In an exceptional case when the record has been left open upon the conclusion of trial or hearing for the filing of testimony by deposition and/or documents, such depositions and/or documents shall be filed within fifteen days and the case or matter shall be considered as fully submitted, and should be decided, immediately after such filing or the lapse of fifteen days, whichever occurs sooner.”
See also Fontenot v. American Fidelity Fire Insurance Company, 386 So.2d 165 (La.App. 3rd Cir.1980); Smith v. V.V. Sharpe Co., Inc., 379 So.2d 1216 (La.App. 3rd Cir.), writ denied, 381 So.2d 1233 (La.1980).
Although no specific date was set by the trial court when the case would be considered submitted, the above referred to Supreme Court rule mandates that the case shall be considered as fully submitted at the latest fifteen days from the conclusion of the hearing. In this case, the judgment was signed by the trial court twenty-four days after the hearing and seventeen days after the date set by the court for production of the physical evidence.
Because this rule serves as notice to all litigants as to the amount of time a case may be left open after the conclusion of a hearing, plaintiff was not entitled to further notice prior to the signing of a judgment by the trial court. Thus, the trial court’s action was correct.
For the foregoing reasons, the judgment of the trial court is hereby affirmed. All costs, both at trial and on appeal, shall be paid by plaintiff-appellant.
AFFIRMED.