CHEHARDY, Chief Judge.
In this worker’s compensation case, Gregory Jackson brought suit to recover permanent total disability benefits from his former employer, Universal Match Corporation (hereafter referred to as Universal Match), and its insurer, Commercial Union Insurance Company (hereafter referred to as CUIC). Following judgment in plaintiff’s favor finding him permanently partially disabled, the defendants appealed and plaintiff cross-appealed. We affirm.
Jackson, a chip machine operator, was required to cut logs, lift them onto the chip machine, and guide them through it. He was injured in the course and scope of his employment on January 18, 1983, when his right wrist sustained a soft tissue injury after his arm was drawn into the conveyor belt of the chip machine he was operating.
CUIC paid $4,381.06 in medical expenses on behalf of Jackson and temporary total disability benefits of $184.36 per week from January 18, 1983 through July 5, 1983, when benefits were discontinued following reports from two physicians that Jackson was able to return to work. On November 2, 1983, Jackson sued Universal Match and CUIC for total and permanent disability benefits, medical expenses, penalties and attorney’s fees. The trial court found Jackson permanently and partially disabled and awarded him 450 weeks of benefits at the stipulated rate of $184.36 per week, with credit for the number of weeks already paid. In addition, the court assessed penalties of 12 percent and attorney’s fees in the amount of $5,000, finding the defendants’ termination of benefits was arbitrary, capricious and without probable cause.
On appeal, Universal Match and CUIC make the following arguments:
(1) That plaintiff failed to prove by a preponderance of the evidence he had “substantial pain” that prevented him from returning to his former job, particularly in light of a video tape made by *1289 defendants purporting to show plaintiff repairing an automobile;
(2) That the trial court erred in awarding benefits based solely on plaintiff’s subjective claims of pain and disability; and
(3) That the award of statutory penalties and attorney’s fees is erroneous because the termination was based upon the opinions of two physicians and reinstatement of benefits was not justified by the findings or recommendations of the plaintiff’s physician.
In his cross-appeal, Jackson claims the trial court erred in failing to find him totally disabled under the odd-lot doctrine.
The evidence reflects that Jackson, aged 33, is a high-school graduate, but has no other training beyond an uncompleted body-and-fender course at a technical school. His work history is limited to jobs requiring heavy lifting and working with heavy machinery, such as carpentry, plumbing, operating an asphalt-road paving machine, and other jobs requiring full use of his hands and wrists.
The trial judge indicated in his reasons for judgment that he relied heavily on the testimony of plaintiff’s treating physician, Dr. Charles Billings. Dr. Billings, a board-certified orthopedic surgeon, indicated that he placed no restriction of plaintiff’s activities, pain permitting, and opined that the lifting of objects weighing more than 25 pounds would produce pain for the plaintiff. Additionally, he noted that the mobility of the wrist was impaired. He felt it was ill-advised for Jackson to do any of the jobs he held in the past.
The diagnosis of Dr. William M. Pusateri, an orthopedic surgeon, was a severe soft tissue injury of the right arm including contusions, abrasions and lacerations. He noted limitations in plaintiff’s ability to grip and pinch and advised plaintiff to avoid heavy lifting because it would cause severe pain.
Dr. Donald C. Faust, an orthopedic surgeon with a subspecialty in hand surgery, examined plaintiff on one occasion, on referral by Dr. Billings. He found plaintiff had no nerve damage and had normal feeling in his fingertips. Observing that plaintiff’s arms appeared to be equal and symmetrical, he concluded there was no gross deformity underlying the scars on plaintiff’s arms. He noted some swelling of the wrist, but felt it was insignificant.
In addition, Dr. John Lee Moss, also an orthopedic surgeon, examined plaintiff on two occasions. He testified that plaintiff demonstrated normal strength but, probably because of pain, did not exert maximum strength during testing. He recommended plaintiff not attempt repetitive lifting.
Although the opinions of the four physicians differed in some respects, all agreed that plaintiff should be able to return to some type of gainful employment.
The trial court’s reasons for judgment also stated that the hour-long video tape, which defendants asserted showed Jackson working on an automobile, “did nothing to enhance defendant’s claim that Jackson was able to work.”
An inability to return to work due to physical impairment or substantial pain is a question of fact. A determination of fact will not be disturbed when there is evidence before the trier of fact which furnishes a reasonable factual basis for the trial court’s findings, unless that finding is clearly wrong. Kelly v. International Union, Etc., 386 So.2d 1060 (La.App. 3 Cir.1980).
The odd-lot doctrine, set forth in Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980), provides that a claimant is entitled to a finding of total and permanent disability when he establishes a prima facie case that, because of his physical impairment, mental capacity, education, training, age, availability of employment in his area, and any other relevant factor, he cannot perform the substantial and material parts of some gainful work with reasonable continuity.
The odd-lot concept may also be applied in cases where the worker, because of his injury, is in such substantial pain that work becomes an overburdening task. Calogero v. City of New Orleans, 397 So.2d 1252 (La.1980). See also, Lattin v. Hica Corp., 395 So.2d 690 (La.1981); Dusang v. Henry *1290 C. Beck Builders, Inc., 389 So.2d 367 (La.1980); Whitaker v. Church's Fried Chicken, Inc., 387 So.2d 1093 (La.1980).
Considering the evidence in this case, we conclude that Jackson is not totally disabled under the odd-lot doctrine, but that he is permanently and partially disabled.
Plaintiff failed to prove he is so lacking in mental capacity, education or training that, in conjunction with any residual physical impairment, he can perform no services other than those which are so limited in quality or dependability that a reasonably stable market does not exist. The medical testimony supports the conclusion that, although impaired mobility of his right wrist, impaired ability to lift, and pain render Jackson incapable of engaging in heavy physical labor, those factors will not prevent him from engaging in some gainful employment requiring less strenuous activities. Therefore, he has failed to prove total disability.
In establishing disability in a worker’s compensation case, “the testimony of a treating physician who has the benefit of repeated examinations and sustained observation is accorded greater weight than that of a physician who has seen the claimant but once, and then for purposes of litigation.” Oliver v. T & C Contractors, 264 So.2d 225 (La.App. 3 Cir.1972). In this case, the treating physician’s testimony, taken in light of the other evidence, does support a finding of substantial pain and a physical inability to return to the kind of work plaintiff formerly performed.
Plaintiff has shown by a preponderance of the evidence that he cannot perform the same work he did before his injury because it causes him substantial pain. See Du-sang v. Henry C. Beck Builders, Inc., supra. Nonetheless, he has the mental capacity and physical capacity to perform other jobs that are available. We find no error in the trial court’s determination that Gregory Jackson is permanently and partially disabled.
Regarding the weight to be accorded the defendants’ videotape, we note the jurisprudence indicates that evidence in the form of moving pictures must be used with great caution, because such pictures show only intervals of the activities of the subject, they do not show rest periods, they did not reflect whether the subject is suffering pain, and they do not show the after effects of his activities. Gagliano v. Boh Bros. Const. Co., 44 So.2d 732 (La.App.Orl.1950). See also, Lambert v. Wolfs Inc., 132 So.2d 522 (La.App. 3 Cir.1961); Costanzo v. Southern Farm Bureau Casualty Ins. Co., 124 So.2d 621 (La.App. 3 Cir.1960).
In this case, although the film showed plaintiff apparently working in some capacity on the engine of an automobile, it did not depict the extent of his involvement nor did it indicate he can engage in heavy physical labor of the kind he performed prior to the injury. The trial court correctly declined to give the film great weight.
On the issue of penalties and attorney’s fees, we find the record supports the trial judge’s conclusion that the discontinuance of compensation payments was arbitrary and capricious, because the benefits were discontinued on the basis of one physician’s opinion and without consulting plaintiff’s treating physician.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against Universal Match Corporation and Commercial Union Insurance Company.
AFFIRMED.